RAYMOND M. ENGLISH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
English v. Commissioner
Docket No. 13963-85.
United States Tax Court
T.C. Memo 1986-409; 1986 Tax Ct. Memo LEXIS 199; 52 T.C.M. (CCH) 356; T.C.M. (RIA) 86409; September 2, 1986. *199 Raymond M. English, pro se. Donna F. Herbert, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181, and 182 of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioner's Federal income tax and additions to tax for the taxable year 1982 as follows: Income Tax
$4,008.00
Additions to Tax
Section 6653(a)(1)
200.40
Section 6653(a)(2)
50% of interest due on
underpayment of $4,008.00
The issues for our decision are (1) whether petitioner is liable for income taxes on the additional income received during 1982 in the amount of $10,231.00 and (2) whether petitioner is liable for additions to tax under section 6653(a). Petitioner resided in Seattle, Washington, at the time his petition was filed. Most of the facts have *200 been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference. For the taxable year 1982, petitioner filed a Form 1040EZ and reported wage income of $26,590.37 which he received from the Seattle School District. During 1982, petitioner was employed as a teacher in the Seattle public school system; the subject he taught was music. In addition, petitioner also earned the following amounts of income from part-time employment in 1982 which he failed to report of his income tax return. Source
Amount
Alpine Food Products, Inc.
$ 621.00
Alpine BURTCO Kingdome Co.
9,610.00
Total
$10,231.00
Petitioner does not dispute that he received the additional income from the above stated sources during the year in issue. However, he contends that he did not have to report these amounts because he believes that the additional Federal income tax which would be due on these amounts would be wasted by the Government. His argument is reminiscent of the "war protester" cases; however, he is less articulate and fervent. See, e.g., Scheide v. Commissioner,65 T.C. 455 (1975); Russell v. Commissioner,60 T.C. 942 (1973) *201 and the cases cited therein. In these cases, we held that the taxpayers there had no constitutional right to refuse to pay an income tax because the conduct of the United States in Southeast Asia was contrary to their religious convictions or because of their belief that such conduct violated international law. If petitioner has a quarrel with the manner in which Congress spends citizens' tax dollars which the Treasury collects, he should take the matter up with his congessional representatives. "It is Congress, not petitioner, that has been granted the power to tax and to spend for the general welfare, as well as for other purposes, under article I, section 8, of the Constitution." Russell v. Commissioner,supra at 947. Petitioner also makes vague references to violations of his Constitutional rights. We need not discuss them since we have addressed them on numerous occasions before. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Respondent's determination of the income tax deficiency is presumptively correct and the burden of proof is upon petitioner to show that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); *202 Rule 142(a). Petitioner admitted that he received additional income from the sources shown in the notice of deficiency and has offered no evidence to show that any of the amounts contained therein are incorrect. Accordingly, we sustain respondent's determination. Respondent also determined that petitioner was liable under section 6653(a) for additions to tax for negligence and intentional disregard of the rules and regulations. This determination will be upheld unless petitioner shows that the underpayment of tax was not due to negligence or intentional disregard of the rules and regulations. McGahen v. Commissioner,76 T.C. 468, 484 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Again, petitioner has not met his burden. His sole argument is that he can validly withhold payment of income taxes when he disagrees with the manner in which the various departments of the Government spend tax dollars. Regardless of the sincerity of petitioner's beliefs, they have no merit. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩